**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JACQUELINE ANNE YOUNG,

                    Plaintiff,

v.                                                    ACTION NO. 2:13cv63

SOCIAL SECURITY ADMINISTRATION,

                    Defendant.

**<u>UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION</u>**

Plaintiff brought this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") finding that Plaintiff was overpaid $27,395.10 in Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401, et seq., for the months November 2004 through February 2008.

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference dated April 23, 2013.  This Court recommends that the decision of the Commissioner be AFFIRMED.

## I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff, Jacqueline Anne Young ("Ms. Young" or "Plaintiff"), became eligible for DIB

on October 1, 1999.  R. 13.[1]   On March 2, 2008, the Social Security Administration ("SSA") informed Plaintiff that she had not been eligible for Title II benefits beginning in November 2004, because she had been performing substantial work activity during that period.  R. 69.  Also on that date, in a separate letter, the SSA informed Plaintiff that she had been overpaid a sum of $23,495.20, due to the fact that the SSA did not stop payment on her disability claim until March 2008.  R. 71.  She was informed in both letters that she had a right to give more information before the decisions were finalized, and the latter letter specified that she had a right to both appeal the decision and request waiver of the overpayment.  R. 69-73.

On June 24, 2009, the SSA sent Plaintiff another letter detailing what must be proven in order for the SSA to waive collection on overpayment.  R. 113-14.   On October 25, 2009, the SSA informed Plaintiff she owed an additional $11,999 in funds that had been overpaid to her. R. 125-28.  Plaintiff submitted a Request for Waiver of Overpayment Recovery in November 2009, indicating that the overpayment was not her fault, and that she could not afford to pay the money back.  R. 131-38.  The SSA dismissed her request for a hearing in a letter dated December 22, 2009, which also indicated the procedure for requesting review.  R. 145-49. Plaintiff filed a Request for Waiver of Overpayment again in January 2010, also indicating that the overpayment was not her fault, and that she could not afford to pay the money back.  R. 152-59.

On January 18, 2010, the SSA informed Plaintiff that the amount of overpayment had changed to $38,734.60, due to an incorrect worker's compensation adjustment.  R. 160-62.  On March 17, 2010, the SSA sent a letter to Plaintiff scheduling a personal conference for March 26, 2010.  R. 172-74.  She did not attend the conference (R. 172), because she moved from Georgia, where the conference was scheduled, to Virginia.  R. 175-76.  Another personal conference was

---

[1] Page citations are to the administrative record previously filed by the Commissioner.

scheduled in Norfolk, Virginia for June 14, 2010, with a file review scheduled for June 10, 2010. R. 178-84. The file review occurred on June 14, 2010, and the personal conference was rescheduled for June 18, 2010. R. 196. On June 17, 2010, Plaintiff retained Linda Jones-Bailey from the Legal Aid Society of Eastern Virginia as her representative. R. 194-95. On September 16, 2010, Plaintiff submitted a Report of Contact, stating that her overpayment was due to her employer, indicating the employer would fire Plaintiff if Plaintiff did not work additional hours. R. 198. According to Plaintiff's report, all of the employees at her workplace with the exception of Plaintiff and her supervisor were fired because of a theft, and the supervisor told Plaintiff she would need to work more hours until a new crew was hired. *Id.*

On September 16, 2010, The SSA made a waiver determination. R. 200. At that time, the SSA waived recovery of $11,249.20, because an SSA employee calculated a reverse offset regarding her Worker's Compensation benefits for a longer period of time than Plaintiff was entitled, and Plaintiff could not have known of the error. *Id.* The SSA did not waive $27,395.10, citing that during the pertinent time period, Plaintiff was performing work that was deemed to be substantial, and that she had been informed two prior times that substantial wages would end her Disability benefits. R. 201. Thus, she should have known that performing substantial work would have stopped her benefits. *Id.* Plaintiff was notified of this by letter on September 17, 2010. R. 203-04. Plaintiff appealed this decision on September 20, 2010 (R. 205-06), and filed a Request for Hearing by Administrative Law Judge ("ALJ") on September 24, 2010. R. 211.

A hearing took place before the ALJ on March 28, 2011. R. 289-308. Plaintiff was represented by non-legal counsel of Ms. Linda Jones-Bailey. R. 291. Plaintiff testified at that hearing to the same facts she stated in her Report of Contact, that she was temporarily forced to work over her hourly limit because everyone else was fired, and her supervisor threatened to fire

3

her if she did not work more hours until the supervisor could hire another crew.  R. 293-94.

Plaintiff also indicated that she told her supervisor that she could not work those hours because

she would lose her disability benefits, and that she called the SSA, so they could instruct her

supervisor to that effect.  *Id.*  Plaintiff stated that the supervisor spoke on the phone to the SSA

representative, and told Plaintiff that the SSA had made a special exception in her case.  R. 294.

That special exception, according to Plaintiff, included her working more hours, but only on the

cash register, and while sitting down; her supervisor performed all of the tasks that required

lifting or moving.  R. 294-97.  Plaintiff also indicated that she knew what she was supposed to do

to stay within her guideline hours because she had "dealt with something similar to that before,"

but that she believed her supervisor's statement that the SSA had given her a special exception.

R. 294.  Finally, Plaintiff stated that as soon as the supervisor hired a new crew, they fired her.

*Id.*  Plaintiff's supervisor did not testify or offer any evidence.  In Plaintiff's November 2009

waiver request, she indicated that her former supervisor and employer did not wish to be

involved in her claim.  R. 135.

On April 18, 2011, the ALJ issued a written decision denying Plaintiff's request for

waiver of overpayment, finding she was not "without fault."  R. 13-16.  On June 15, 2011,

Plaintiff submitted a Request for Review of Hearing Decision.  R. 287-88.  On December 19,

2012, the Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision

final.  R. 6-8.

Plaintiff submitted her complaint and motion for leave to proceed in forma pauperis on

February 6, 2013.  ECF No. 1.  The Court granted her request to proceed in forma pauperis, and

her complaint was filed on February 13, 2013.  ECF Nos. 2 & 3.  The Social Security

Administration, Defendants, submitted an Answer on April 22, 2013.  ECF No. 6.  Plaintiff filed

a document urging the Court to allow her to waive the overpayment on May 20, 2013. ECF No. 10.  This Court construes that document as a motion for Summary Judgment, as required by an order issued on April 24, 2013.  ECF No. 9.  Defendants submitted a motion for Summary Judgment on June 24, 2013.  ECF No. 11.

## II. <u>STANDARD OF REVIEW</u>

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record, and whether the proper legal standard was applied in evaluating the evidence.  42 U.S.C. § 405(g) (2011); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as 'a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)).  It consists of "more than a mere scintilla" of evidence, but may be somewhat less than preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

When reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Craig*, 76 F.3d at 589; *Hays*, 907 F.2d at 1456. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." *Craig*, 76 F.3d at 589. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed, unless the decision was reached by means of an improper standard or misapplication of the law.  *Perales*, 402 U.S. at 390; *Coffman v. Bowen*, 829 F.2d

514, 517 (4th Cir. 1987) (citing *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980)).

Thus, reversing the denial of an overpayment waiver is appropriate only if either (A) the ALJ's determination is not supported by substantial evidence on the record, or (B) the ALJ made an error of law. *Coffman,* 829 F.2d at 517.

## III. ANALYSIS

If there is an overpayment of benefits, the SSA "shall" pursue reimbursement, either through direct recovery or a payment adjustment. 42 U.S.C. § 404(a)(1) (2012). However, the Administration shall not recover from an individual who is without fault, "if such adjustment or recovery would defeat the purpose" of the Act or "would be against equity and good conscience." 42 U.S.C. § 404(b). In this analysis, both prongs are important; however, if there is proof that the Plaintiff is at fault, an analysis of the second step is unnecessary. *Garnett v. Sullivan*, 905 F.2d 778, 782 (4th Cir. 1990). Thus, if there is proof the Plaintiff is at fault, the inquiry ends and Plaintiff is not entitled to a waiver of recovery. *Id.*

Here, the only issue before us is whether Plaintiff was at fault for her overpayment.[2] "Fault" is defined by statute as follows:

> Fault as used in without fault . . . applies only to the individual. Although the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual or any other individual . . . from liability for repayment if such individual is not without fault. In determining whether an individual is at fault, the Social Security Administration will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has. What constitutes fault . . . depends upon whether the facts show that the incorrect payment . . . resulted from:
>
> (a) An incorrect statement made by the individual which he knew or should have

---

[2] Individuals who are entitled to DIB are given a nine-month trial work period in which to test their ability to work by performing limited substantial gainful activity without losing their benefits. 20 C.F.R. § 404.1592. They are also entitled to thirty-six months of working wherein they would not receive benefits, but if they cease working, their benefits would be reinstated without submitting a second application. 20 C.F.R. § 404.1592a. It is undisputed that Plaintiff exhausted both her nine-month trial period and her thirty-six month reentitlement period.

known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507.  It is the Plaintiff's burden to prove that he or she was without fault for the overpayment.  *McCarthy v. Apfel*, 221 F.3d 1119, 1126 (9th Cir. 2000), *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990); *see also Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir. 1982), *citing Kendrick v. Califano*, 460 F. Supp. 561 (E.D. Va. 1978) ("The burden is upon the claimant to establish the negative prerequisite ('without fault'), before the Secretary considers the second tier of the waiver statute.").

The Plaintiff does not dispute the fact or the amount of overpayment.  R. 14-15. Additionally, Plaintiff knew the earnings limitations and guidelines, having testified that she has dealt with something similar before.  R. 293-295.  She also received notices from the SSA relating to her earnings limitations and guidelines, specifically relating to her overpayment in 2004-2008.  R. 17, 27, 31, 38, 71.  She was informed of the withholding process put in place by the SSA to recoup some of the overpayment costs (R. 31, 38), and was also regularly informed of the overpayments as well (R. 17, 27).  Thus, Plaintiff's knowledge of the overpayment and its potential consequences are undisputed.

Plaintiff has offered no evidence that she ever provided notice to the agency about her work hours and pay, as required by 20 C.F.R. § 404.507(b), or returned a payment which she knew or should have known was incorrect, as required under § 404.507(c).  Plaintiff did testify that in one instance, she called the SSA, and her supervisor told her the SSA made an accommodation for her.  However, there is no information in the record to support her claim.

Her employer offered no evidence in this case, either in support or against Plaintiff; Plaintiff did not know the name of the person to whom she spoke; and, the SSA has no record of their conversation.  Therefore, there is substantial evidence for the ALJ to conclude that Plaintiff is at fault in this circumstance.[3]   Additionally, as the ALJ points out, this single explanation of Plaintiff's extended work hours at one job, which she admits she was fired from soon after, does not account for or explain the "years of work that continued well after she left her job . . . in 2004."  R. 15.  Because of this, there is substantial evidence to support the ALJ's finding of fault.

## IV.  <u>RECOMMENDATION</u>

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's Motion for Summary Judgment (ECF No. 10) be DENIED. The Court further recommends that Defendant's Motion for Summary Judgment (ECF No. 11) be GRANTED and that the final decision of the Commissioner be AFFIRMED.

## V.  <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. §  636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's objection within fourteen (14) days after being served with

---

[3] Defendant cites *Taylor v. Astrue*, Civil No. 3:10CV382, 2011 WL 2437769 (E.D. Va. June 14, 2011) to compare to this case.  In *Taylor*, the plaintiff alleged that he was without fault because he claimed the SSA informed him that he could work as long as he would like and make as much as he would like, and he would still be allowed to retain his benefits.   *Id.*   Defendant cites this for the proposition that Plaintiff's claim regarding her supposed special accommodation "defied logic" and thus was not believable.  Def't's Mem. In Supp. of Def't's Mot. for Summ. Jmt. 9, ECF No. 12.  The Court does not agree that the cases are entirely analogous; the claim the plaintiff made in *Taylor* is utterly preposterous, while the claim Plaintiff made in this case does have an air of believability.  However, given the lack of substantiating evidence, Plaintiff does not meet her burden to prove lack of fault.

a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).


                                                    _____/s/_____
                                                        Tommy E. Miller
                                                UNITED STATES MAGISTRATE JUDGE


Norfolk, Virginia
January 13, 2014

9

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Jacqueline Anne Young
7800 Ogden Ave., Apt. C
Norfolk, VA 23505

Kent Pendleton Porter
United States Attorney's Office
101 W. Main St., Suite 8000
Norfolk, VA 23510


By _____
                Fernando Galindo, Clerk
                Deputy Clerk

                _____, 2014